IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON LA ROSA,

                  Plaintiff,

                  vs.                            Case No. 05-1304-JTM

GALE A. NORTON,  Secretary, Department of
the Interior,

                  Defendant.

MEMORANDUM AND ORDER

Plaintiff Sharon LaRosa has brought the present action against the Secretary of the Department of the Interior, alleging violations of Title VII and the Pregnancy Act.  LaRosa worked as a Park Ranger for the National Park Service at the Tallgrass Prairie National Preserve in Cottonwood Falls, Kansas.  LaRosa alleges that she was not allowed to complete the remainder of her summer-fall 2003 work schedule after taking three weeks off to give birth.

LaRosa alleges in her complaint that when she requested maternity leave in August and September of 2003, her supervisor refused on the grounds that she would not allow temporary employees to "split" their season.  She alleges that the same supervisor allowed two male temporary employees to split their seasons, and  told LaRosa that those employees had "special skills" which justified the different treatment. LaRosa worked the 2003 season until she left to give birth in August, 2003.  She later returned to work a one-day special event but was otherwise, she alleges, refused permission to return to work.

The matter is now before the court on the defendant Secretary's Motion for Partial Dismissal.  The Secretary argues that the court should dismiss both LaRosa's claim for punitive damages, because such

damages are not recoverable against an agency of the United States under 42 U.S.C. § 1981a(b)(1), and the Pregnancy Act claims in Count II of the complaint, on the grounds that LaRosa failed to exhaust her administrative remedies and because she fails to state a claim upon which relief can be granted. The Secretary acknowledges that the last point may be considered as a motion for summary judgment, since it relies on the affidavits of both an Interior Department employee specialist and a Park Ranger supervisor of LaRosa. The Secretary argues the affidavits establish that LaRosa was employed as a temporary worker, and that she had no expectation of continued employment.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment

2

rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Under National Park Service rules, a temporary employee receives an appointment to serve at most 1039 hours of employment. The defendant has presented evidence that the 1039 hours represent the *maximum* number of hours a temporary employee can work and still be considered temporary. LaRosa, like all other temporary employees, was not promised that she would work the maximum 1039 hours during the season. All temporary employees were subject to changes in their work schedules at the discretion of their employer who would determine how best to utilize their services depending on the operational needs of the park, employee availability, staffing levels, and available funding.

In order to be considered for a temporary Ranger position, an individual must apply for a one-year temporary appointment. If a temporary employee wishes to work the next season or year, he or she must notify the supervisor prior to the end of the appointment. Consideration for being rehired is dependent upon the temporary employee's successful performance, conduct, availability of funding, and the temporary employee's availability for work. In 2003, LaRosa was placed on intermittent or on-call work status at her request. Thereafter, the term of employment expired on its own. LaRosa did not indicate that she wanted to be considered for re-employment and she did not apply for re-employment for the next visitation season. Rather, LaRosa relocated from Kansas to Wyoming.

In her response to the motion to dismiss and for summary judgment, LaRosa argues that the claim of pregnancy discrimination is "like or reasonably related" to the gender discrimination charges which were advanced in the EEOC complaint, and hence the failure to mention pregnancy discrimination in the EEOC complaint should not be deemed fatal. LaRosa cites *Annett v. University of Kansas*, 371 F.3d 1233, 1238 (10th Cir. 2004) for the proposition that a "like or reasonably related" claim need not be explicitly set forth in an EEOC charge. Second, LaRosa argues that in any event, C.F.R. § 1614.103 does not authorize complaints of pregnancy discrimination, and points out that the EEOC complaint form used by the Park Service does not include, in its listing of various types of actionable discrimination, any mention

of pregnancy. Finally, LaRosa argues generally that she expected to complete the 2003 season after returning from giving birth.

The plaintiff makes no attempt to respond to the Secretary's argument with respect to punitive damages. The court finds that punitive damages may not be awarded in the present action under § 1981a(b)(1), and the defendant's motion to dismiss will be granted as to the claim for such damages.

The court will grant summary judgment on the claim of pregnancy discrimination. The court notes, first, there is no evidence in support of the plaintiff's arguments with respect to a continued expectation in employment. Rather than responding to the defendant's factual arguments, the plaintiff in her response merely recites the allegations made earlier in the complaint. It is axiomatic that such unsworn and conclusory allegations are not a legitimate basis for granting or denying a motion for summary judgment. *Contemporary Mission, Inc., v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981). D.Kan.R. 56.1(d) accordingly requires that "[a]ll facts on which a motion or opposition is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions."

The uncontroverted evidence establishes that temporary employees such as the plaintiff were not guaranteed or promised they would work the maximum number of hours, but were instead subject to changes in their work schedule at the discretion of their employer who would determine how best to utilize their services depending upon the operational needs of the park, employee availability, staffing levels, and available funding. LaRosa was placed on on-call status at her request, and was not denied leave due to her pregnancy for the birth of her child. Her appointment was temporary and expired by its own terms; she was not discharged. LaRosa did not apply for re-employment for the 2004 season but relocated from Kansas to Wyoming. The plaintiff has failed to show that she was denied a modified duty assignment under circumstances which would give rise to an inference of pregnancy discrimination. See *Equal Employment Opportunity Commission v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184 (10th Cir. 2000). Accordingly, the plaintiff's claim will be dismissed.

4

In any event, the pregnancy claim would also be subject to dismissal for failure to exhaust her administrative remedies. Defendant alleges that plaintiff misstates the holding in *Annett*, suggesting that that case acknowledged the "like or reasonably related" line of cases has been completely overruled by *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In fact, the Tenth Circuit in *Annett* and more recently in *Dunlap v. Kansas Dept. of Health & Env.,* 127 Fed.Appx. 433, 438 (10th Cir. 2005), has simply recognized that *Morgan* modified the law with respect to the "continuing violations" theory which many courts had adopted, permitting incidents otherwise time-barred under Title VII to be advanced because those incidents were "like or reasonably related" to incidents within the limitations period. Where the discriminatory incidents complained of are contemporaneous and there is no suggestion of untimeliness, courts continue to examine, for purposes of determining whether there has been complete exhaustion, whether claims which were not independently advanced in an administrative charge are nonetheless "reasonably related" to those claims which were explicitly set forth. Thus, in *Mitchell v. City and County of Denver*, 112 Fed.Appx. 662 (10th Cir. 2004), the court observed:

> [W]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." *Martinez* [*v. Potter*], 347 F.3d [1208,] 1210 [(10th Cir. 2003)] (*quoting Ingels v. Thiokol Corp*., 42 F.3d 616, 625 (10th Cir.1994)). A claim is considered "reasonably related" when "the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195, 200-01 (2d Cir.2003) (quotation omitted).

However, while the plaintiff has not misrepresented the applicable law, the court still finds that dismissal of the pregnancy charge is required. The Pregnancy Act claim advanced by LaRosa is not reasonably related to the original gender discrimination claim which was advanced in the EEOC charge. The charge presented by LaRosa alleged that the defendant had discriminated against her based on her gender. It made no mention of pregnancy discrimination. Indeed, the only discussion of pregnancy in the complaint would lead an investigator *away* from inferring such discrimination: LaRosa alleged that, contrary to the decision in her case, a male employee was permitted to "split" his seasonal appointment after taking leave to assist with the birth of his child. (Dkt. No. 1, Exh. C.) Thus, the administrative charge emphasized

5

gender discrimination; a reasonable investigator presented with LaRosa's administrative charge could be reasonably expected to infer that pregnancy discrimination was *not* in question in the treatment of LaRosa.

Contrary to the argument of the plaintiff, exhaustion of administrative remedies is required for all claims advanced under Title VII, including claims of pregnancy discrimination.   While the regulatory provision cited by plaintiff does not explicitly mention pregnancy discrimination, it does expressly include discrimination based on sex.   The Pregnancy Discrimination Act of 1978, Publ. L 95-955, 92 Stat. 2076, amended Title VII to make clear that Title VII prohibited discrimination based on pregnancy-related conditions.   42 U.S.C. § 2003e(k).   The same administrative regulations provide that the "Discrimination Act makes it clear 'because of sex' or 'on the basis of sex', as used in Title VII, includes 'because of or on the basis of pregnancy, childbirth or related medical conditions.'"   29 C.F.R. Pt. 1604, App.   The plaintiff's argument is without merit.   "Exhaustion of administrative remedies is a necessary predicate to an action under the Pregnancy Discrimination Act."   *Palao v. Fel-Pro, Inc.*, 117 F.Supp.2d 764, 769 (N.D. Ill. 2000).   *See also Hamilton v. Wilson*, No. 03-5685, 2004 WL 169789, at *3 (S.D.N.Y. Jan. 28, 2004) (granting motion to dismiss pregnancy discrimination claim for lack of exhaustion).   Thus, independent of her failure to state a claim on the issue, the plaintiff's pregnancy discrimination claim would in any event be dismissed for a failure to exhaust administrative remedies.

IT IS ACCORDINGLY ORDERED this 10th day of March, 2006, that the defendant's Motion to Dismiss or for Summary Judgment (Dkt. No. 6) is granted as provided herein.

   s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE